UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY,<br>*Plaintiff,*<br>- v -<br>DENNIS KUNKEL MICROSCOPY, INC.,<br>*Defendant*. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>ECF Case |

Plaintiff, Houghton Mifflin Harcourt Publishing Company ("HMH"), by its undersigned attorney, submits this Complaint against Defendant Dennis Kunkel Microscopy, Inc. ("Kunkel"). Plaintiff alleges as follows:

## NATURE OF ACTION

1.  This is an action for a declaratory judgment pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, to resolve an actual case or controversy that has arisen between HMH and Kunkel. On June 23, 2010, Kunkel, through its owner Dennis Kunkel, directed HMH to contact its attorney, Christopher Seidman of the law firm Harmon & Seidman LLC, regarding infringement claims related to alleged printing of Kunkel images in HMH textbooks beyond the scope of a license. On July 7, 2010, counsel for HMH contacted Mr. Seidman and the parties commenced discussions, through counsel, regarding the resolution of Kunkel's copyright infringement claims. In connection with these discussions, Kunkel and HMH entered into two short tolling agreements: the first ran from December 17, 2010, to July 18, 2011; and the second ran from September 19, 2012, to February 28, 2013. Since February 28, 2013, Kunkel sat on its claims and never filed the threatened litigation against HMH. Now, five years after notifying HMH of its claims (at least 46 months of which were not covered by a tolling agreement), Kunkel has resurfaced with threats to pursue litigation of the same alleged claims. HMH agreed

to an additional tolling agreement from July 21, 2015, to September 15, 2015, in an effort to resolve Kunkel's time-barred claims. Those efforts also proved fruitless. HMH now seeks declaratory relief from Kunkel's time-barred claims. *See* 17 U.S.C. § 507 ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued.") Kunkel's continued threat to pursue time-barred claims has harmed and will further harm HMH.

## THE PARTIES

2.     Plaintiff HMH is a wholly-owned subsidiary of Houghton Mifflin Harcourt Company, a Delaware corporation. HMH's principal place of business is located at 222 Berkeley Street, Boston, MA 02116.

3.     Upon information and belief, Dennis Kunkel Microscopy, Inc. is a stock photography agency established by photographer Dennis Kunkel to market and license his photographs. Dennis Kunkel Microscopy, Inc. is a Hawai'i corporation with its principal place of business in Kailua, Hawai'i.

## JURISDICTION AND VENUE

4.     This is an action for a declaratory judgment pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201.

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2201, which authorizes the Court to declare the rights and other legal relations between interested parties, and 28 U.S.C. § 1338, which provides for jurisdiction in connection with copyright claims.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1400(a) and pursuant to a venue provision that appears in licenses agreed between the parties. That venue provision also provides the Court with personal jurisdiction over Kunkel. The venue provision reads: "The

License shall be subject to and construed in accordance with the laws of the State of New York (without application of its conflicts or choice of law rules) regardless of its place of negotiation, execution or performance. Any suit hereunder shall be brought in the state or federal courts located in New York City, and you hereby waive any claim that such courts lack personal jurisdiction over you and specifically assent to such courts' jurisdiction." Upon information and belief, none of the licenses between the parties contains a competing venue provision for copyright claims.

7. This Court also has personal jurisdiction over Kunkel pursuant to N.Y. Civ. Prac. L & R 301, 302, because upon information and belief, Kunkel has purposely targeted its activities to and is systematically transacting, doing, and soliciting business in this district.

**FACTS**

8. HMH is a global learning company that specializes in pre-K–12 education content, services and technology solutions. This content includes textbooks and related educational materials.

9. HMH's content may include photographs licensed to HMH by third parties, including stock photograph agencies such as Dennis Kunkel Microscopy, Inc.

10. From at least 2002, and through and perhaps beyond 2009, Dennis Kunkel Microscopy, Inc. granted licenses to HMH for HMH to use Dennis Kunkel photographs in HMH publications.

11. Dennis Kunkel Microscopy, Inc. owns or controls the copyrights in the images that it licenses to HMH.

12. On June 23, 2010, Dennis Kunkel of Dennis Kunkel Microscopy, Inc. directed an employee at HMH to instruct HMH's "company attorney (who handles copyright violations)" to

contact Kunkel's "copyright attorney," Christopher Seidman of Harmon & Seidman LLC, to address copyright infringement claims resulting from HMH's alleged use of images licensed to it by Kunkel.

13. On July 7, 2010, HMH's counsel contacted Mr. Seidman regarding Kunkel's claims.

14. Following a July 8, 2010, phone conversation between HMH's counsel and Mr. Seidman, on July 18, 2010, Mr. Seidman provided HMH's counsel with a chart detailing 37 individual copyright infringement claims against HMH. Mr. Seidman expressed to HMH's counsel that he was providing that information to facilitate settlement discussions that would obviate Kunkel's plan to file suit against HMH.

15. The parties were unable to negotiate a resolution of Kunkel's copyright infringement claims at that time.

16. In February 2011, Harmon & Seidman included Kunkel on a list of Harmon & Seidman clients that it was representing in negotiations with HMH over copyright infringement claims. As a part of those discussions, on February 17, 2011, Harmon & Seidman provided HMH's counsel with a list of the same 37 copyright infringement claims that Kunkel held against HMH.

17. Pursuant to those February 2011 discussions, HMH and Kunkel also entered into a February 12, 2011, "Agreement in Furtherance of Settlement Discussions." Under that agreement, HMH agreed to toll the statute of limitations for the claims of Harmon & Seidman clients such as Kunkel, who had been clients as of December 17, 2010, and who were identified to HMH by February 4, 2011. The statute of limitations (and all equitable defenses based on the passage of time) would be "tolled during the period beginning December 17, 2010 and

continuing until written notice (by email or otherwise) is provided by either party to the other ending this tolling period, or automatically when litigation or arbitration is commenced."

18. On July 18, 2011, counsel for HMH advised Harmon & Seidman in writing that HMH was terminating any continued tolling by operation of the February 12, 2011, agreement.

19. In August 2012, recognizing that no tolling agreements remained in effect and that the clock was running down on its clients' claims, Harmon & Seidman asked counsel for HMH to enter into another tolling agreement. As a result of those discussions, a second tolling agreement between HMH and Kunkel was entered into on September 19, 2012. The parties were once again unable to resolve Kunkel's copyright infringement claims and the tolling agreement expired under its terms on February 28, 2013.

20. On November 13, 2013, in response to a request from HMH's counsel for additional documentation regarding Kunkel's copyright infringement claims, Mr. Seidman provided HMH's counsel with a list of 36 copyright infringement claims (one had apparently been removed) as well as electronic copies of the invoices issued to HMH in connection with those image uses.

21. The negotiations between the parties did not proceed any further at that time.

22. After allowing another 18 months to expire on Kunkel's claims, on April 16, 2015, Harmon & Seidman once again raised Kunkel's copyright infringement claims with HMH's counsel.

23. After receiving this inquiry, HMH's counsel informed Harmon & Seidman that it considered Kunkel's claims time barred under the Copyright Act's three year statute of limitations.

24. In response, Maurice Harmon of Harmon & Seidman stated that he believed that a tolling agreement was still in place.

25. On May 8, 2015, HMH's counsel provided Mr. Harmon with the tolling history outlined above as well as with copies of the tolling agreements. On Friday, May 9, 2015, Mr. Seidman asked counsel for HMH for another copy of the July 18, 2011, correspondence that had terminated the first tolling agreement. As requested, counsel for HMH provided a copy of that correspondence on Monday, May 11, 2015. Both Mr. Harmon and Mr. Seidman had received the correspondence terminating the tolling agreement when it was originally sent on July 18, 2011.

26. After receiving a reminder that the tolling agreements had long since expired for Kunkel, and after 18 months of no substantive discussions regarding Kunkel, on May 13, 2015, Mr. Harmon asked counsel for HMH for another tolling agreement for Kunkel as well as for information regarding HMH's use of Kunkel's images. At the time there was no agreement in place that would require HMH to provide any such information to Kunkel. In fact, there had been no discussions between the parties for 18 months, let alone discussions that could lead to an expectation that such information was forthcoming.

27. After that May 13, 2015, communication, counsel for Kunkel indicated that Kunkel would file its supposed copyright claims against HMH, unless HMH agreed to discuss settlement of these now time-barred claims. In connection with negotiations concerning other Harmon and Seidman clients, HMH agreed to a tolling agreement that covered only the period July 21, 2015, to September 15, 2015 – after Kunkel's time to file had already passed. No progress was made on resolving Kunkel's time-barred claims.

28. Upon information and belief, Kunkel first became aware of its claims in June 2010.

29. Excluding the brief periods covered by the parties' tolling agreements, at least 46 months have passed since Kunkel first became aware of its claims against HMH.

30. Section 507 of the Copyright Act bars claims brought more than three years after the date of accrual.

## CLAIM FOR DECLARATORY RELIEF

31. HMH realleges and incorporates each of the above allegations as set forth in paragraphs 1 through 30 as if set forth herein at length.

32. Beginning in June 2010, Kunkel has claimed to HMH that HMH is liable to it for copyright infringement based on HMH's use of Kunkel images in HMH publications.

33. Despite its knowledge that it had claims against HMH; and despite retaining counsel in or prior to June 2010 in order to pursue those claims; and despite attempting to negotiate those claims off and on over a five year period to avoid litigation; and despite the obvious expiration of all applicable tolling agreements; Kunkel allowed the statute of limitations to run on its claims without filing a lawsuit.

34. Kunkel continues to threaten to bring a copyright infringement lawsuit against HMH.

35. Kunkel has filed lawsuits against other publishers of educational content and materials.

36. An actual, present and justiciable controversy has arisen between HMH and Kunkel concerning HMH's exposure to liability from Kunkel's claims.

37. HMH has suffered and will continue to suffer irreparable harm as a result of Kunkel's continued threats to file time-barred claims against HMH.

38. Kunkel's claims against HMH are non-actionable under section 507 of the Copyright Act

39. Kunkel's continued threats warrant judicial relief from this Court in the form of a declaration that Kunkel's claims for copyright infringement are time barred under section 507 of the Copyright Act and that HMH is not liable to Kunkel under the Copyright Act.

**WHEREFORE**, HMH prays for a declaratory judgment in its favor against Kunkel, for the following relief:

A. an Order declaring that Kunkel was on notice of its copyright infringement claims against HMH at least as of June 2010, if not earlier;

B. an Order declaring that Kunkel's copyright infringement claims based on the 37 image uses it identified to HMH on July 16, 2010, are barred under section 507 of the Copyright Act;

C. an Order declaring that any and all Kunkel copyright infringement claims against HMH that are based on an HMH use of a Kunkel image that commenced prior to July 16, 2010, are barred by section 507 of the Copyright Act;

D. HMH's costs and disbursements incurred in this action, including its reasonable attorney's fees; and

E. Such other and additional relief to HMH as this Court may deem just, proper and equitable.

Dated: September 15, 2015

Respectfully submitted,

*s/ Steven Napolitano*
Steven Napolitano
Steven.Napolitano@skadden.com
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036-6522
Phone: (212) 735-3000
Fax: (212) 735-2000

*Attorney for Plaintiff*